Also decreed, "that the chancellor dismiss the said bill without prejudice to the equity of the complainant, if any, and without costs."

## GENERAL COURT, OCTOBER TERM, 1804.

### Standiford *et al. vs.* Amoss.

*The issue or increase of female slaves, born during the life of a legatee for life, is the property of the representatives of such legatee*

APPEAL from Harford county court in an action of *Replevin* by the appellants against the appellee for the following slaves, viz. *Rachel, Flora, Joshua* and *Charles.*

The question decided by the county court arose out of the following bequest in the will of *William Standiford*, dated the 30th of October 1775. viz. "I give and bequeath unto my beloved wife *Elizabeth,* one negro woman named *Rachel*," &c. "for and during her natural life, and at her decease to be equally divided between her children, and which are now alive."

It was admitted that *Rachel,* one of the slaves for whom this action was brought, is the same woman mentioned in the above bequest, and was the property of the testator. After the testator's death his widow married *James Amoss,* the defendant, and she is now dead. The other slaves replevied were the children of *Rachel,* born during the life of *Elizabeth* the legatee for life, and after her marriage with the defendant. The plaintiffs are the persons to whom the testator bequeathed the property over, after the death of his wife.

The question was, whether the issue of the slave named *Rachel,* born during the life of the legatee for life, and after her marriage with the defendant, was the property of the defendant or of the plaintiffs?

The County Court gave judgment for the defendant, and the plaintiffs appealed to this court.

*Hollingsworth* and *Montgomery*, for the Appellants.

*Johnson*, for the Appellee. He cited 1 *P. Wms.* 502, 503. 2 *Com. Dig.* 268, 269. 2 *Atk.* 217. *Dep. Com. Guide*, 91, and two cases decided in the court of chancery of this state, *Hebb vs. Wilson*, and *Reeder vs. ——*; also *Scott vs. Dobson, (*1 *Harr. & M'Hen.* 160,*)* and *Somervell vs. Johnson (*1 *Harr. & M'Hen.* 348.*)*

Oct. 1804.<br>Standiford<br>vs.<br>Amoss

THE GENERAL COURT *affirmed* the judgment of the County Court.

———◦⊗◦———

## GENERAL COURT, OCTOBER TERM, 1804.

### CHENEY'S Lessee *vs.* WATKINS.

EJECTMENT for a tract of land called *Cheney's Hazard*, lying in *Anne-Arundel* county. The defendant took defence on warrant, and plots were returned. General issue pleaded, and issue joined.

1. The plaintiff, by his counsel, read in evidence to the jury a patent for the tract of land called *Cheney's Hazard*, being the land in the declaration mentioned, granted to *Richard Cheney* on the 30th of May 1663, for 100 acres more or less. He then offered evidence to the jury to prove that the lessor of the plaintiff was the heir at law of the patentee.

The defendant then offered in evidence to the jury, a copy of the *Rent Roll* legally authenticated, viz "100 acres, *Cheney's Hazard*, surveyed 24 Dec. 1661, for *Richard Cheney*, on the south side of *South River.* Poss. *John Derbin*."

#### *Alienations.*

"100. *Patrick Symson* from *Samuel Burgess*, and *uxor*, 17th February, 1719.

100. *Richard Hill* from *Patrick Symson* and *Eleanor, uxor*, 3rd November 1724.

Altho' a deed cannot operate as a *bargain and sale*, it may operate as a *feoffment*, (there being words *"give and grant*,") if livery of seisin can be proved, & there may be circumstances from which livery may be presumed

To constitute a deed of *bargain & sale* there mu t be a *money* consideration, or general words of consideration under which a pecuniary consideration may be averred—*other land* being expressed to be the consideration is not sufficient

If *"divers good causes and considerations"* are used in the deed, without mentioning any specific consideration, the party may aver what the consideration was: and if money be averred as the consideration, it will make it a deed of bargain and sale

If the consideration is blood, marriage, or natural love and affection, the deed will operate as a covenant to stand seised.

If a deed will not have operation in one way, it may operate in some other way.

Neither the record of enrolment, nor a copy of a deed not directed by law to be enrolled, can be admitted in evidence.

The record of a will not legally attested by three witnesses, is not legal and admissible evidence to prove that the testator claimed the land therein devised, and was in possession thereof, claiming title to the same

From great length of possession of the land, the payment of taxes, &c. the jury may presume a conveyance from the patentee, &c.